ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

AHMED OMAIS SERHAN,
    a/k/a "Pache,"
    a/k/a "Pacheco Nasser,"
    a/k/a "El Tigre," and
HANI LAKKIS LAKKIS,

              Defendants.

**INDICTMENT**

19 Cr. ___

**19 CRIM 764**

- - - - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Narcoterrorism Conspiracy)

The Grand Jury charges:

**Background**

1.  From in or about 2018, up to and including in or about 2019, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, participated in a scheme to supply military-grade weapons, including machineguns and surface-to-air missiles, to the National Liberation Army (the "ELN"), in exchange for hundreds of kilograms of cocaine. In furtherance of the scheme, SERHAN and LAKKIS agreed to make the weapons available for inspection by ELN representatives and to transport the weapons from Syria and elsewhere to Spain, in order to exchange the weapons for ELN-supplied cocaine.

2. Since in or about 1965, the ELN has operated as a terrorist group based in Colombia dedicated to the violent overthrow of the democratically elected Government of Colombia. Among other activities, the ELN has committed kidnappings, bombings, and other violent attacks targeting civilians in furtherance of its agenda. In order to finance its operations, the ELN has engaged in illegal narcotics trafficking, and in particular the international trafficking of ton-quantities of cocaine, among other activities. In October 1997, the United States Secretary of State designated the ELN as a foreign terrorist organization, and the ELN remains so designated as of the date of the filing of this Indictment.

3. From at least in or about 2017, up to and including in or about 2019, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, worked to launder over a million dollars in purported cocaine-trafficking proceeds on behalf of the ELN. SERHAN operated a money-laundering business that used a network of couriers in the United States, Europe, and Latin America to move money internationally. In multiple transactions, SERHAN arranged to retrieve apparent proceeds of the ELN's narcotics trafficking at various locations in Europe and to transfer the money to locations in Latin America and the United

States, including the Southern District of New York, on behalf of the ELN.

## STATUTORY ALLEGATIONS

4. From at least in or about 2018, up to and including in or about October 2019, in Lebanon, Spain, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District of New York, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 21, United States Code, Section 960a.

5. It was a part and an object of the conspiracy that AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, and others known and unknown, would and did engage in conduct that would be punishable under Title 21, United States Code, Section 841(a) if committed within the jurisdiction of the United States, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute five kilograms and more of mixtures and

substances containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorism and terrorist activity, as defined in Title 8, United States Code, Section 1182(a)(3)(B), and terrorism, as defined in Title 22, United States Code, Section 2656f(d)(2), to wit, the ELN (which has been designated by the United States Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act and remains so designated) and its members, operatives, and associates, having knowledge that such organization and persons have engaged and engage in terrorism and terrorist activity, which activity violates the criminal laws of the United States, and occurs in and affects interstate and foreign commerce, in violation of Title 21, United States Code, Section 960a.

(Title 21, United States Code, Section 960a; and Title 18, United States Code, Section 3238.)

## COUNT TWO
**(Conspiracy to Possess Machineguns and Destructive Devices)**

The Grand Jury further charges:

6. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

7. From at least in or about 2018, up to and including in or about October 2019, in Lebanon, Spain, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendant, at least one of whom is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District of New York, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

8. It was a part and an object of the conspiracy that AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, and others known and unknown, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the controlled substance offense charged in Count One of this Indictment, would and did use and carry firearms, and in furtherance of such drug trafficking crime, possess firearms, including machineguns and destructive devices, in violation of

Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

### Count Three
### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

9. Paragraph 3 of this Indictment is realleged and incorporated by reference as though fully set forth herein.

10. From at least in or about 2017, up to and including in or about 2019, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, who is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District of New York, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(3).

11. It was a part and object of the conspiracy that AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, and others known and unknown, with the

intent to (i) promote the carrying on of specified unlawful activity, to wit, illegal narcotics trafficking, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of that specified unlawful activity, would and did conduct and attempt to conduct financial transactions involving property represented to be the proceeds of such specified unlawful activity, and property used to conduct and facilitate such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(3).

(Title 18, United States Code, Section 1956(h) and 3238.)

### Count Four
### (Money Laundering)

The Grand Jury further charges:

12.  Paragraph 3 of this Indictment is realleged and incorporated by reference as though fully set forth herein.

13.  From on or about August 29, 2018, up to and including on or about September 14, 2018, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, who is expected to be first brought to and arrested in the Southern District of New York, and whose point of entry in the United States is expected to be the Southern District

of New York, conducted and attempted to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, to wit, illegal narcotics trafficking, with the intent to (i) promote the carrying on of that specified unlawful activity, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of that specified unlawful activity, and aided and abetted the same.

(Title 18, United States Code, Sections 1956(a)(3)(A) & (a)(3)(B), 3238, and 2.)

## Count Five
### (Money Laundering)

The Grand Jury further charges:

14. Paragraph 3 of this Indictment is realleged and incorporated by reference as though fully set forth herein.

15. From on or about October 10, 2018, up to and including on or about October 17, 2018, in the Southern District of New York and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or District, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, who is expected to be first brought to and arrested in the Southern District of New York, and whose point of

entry in the United States is expected to be the Southern District of New York, conducted and attempted to conduct financial transactions involving property represented to be the proceeds of specified unlawful activity, and property used to conduct and facilitate specified unlawful activity, to wit, illegal narcotics trafficking, with the intent to (i) promote the carrying on of that specified unlawful activity, and (ii) conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of that specified unlawful activity, and aided and abetted the same.

(Title 18, United States Code, Sections 1956(a)(3)(A) & (a)(3)(B), 3238, and 2.)

## FORFEITURE ALLEGATION
### (As to Count One)

16.  As a result of committing the offense alleged in Count One of this Indictment, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), any and all assets, foreign and domestic, of the defendant; any and all assets, foreign and domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating said

9

offense; any and all assets, foreign and domestic, acquired or maintained with the intent and for the purpose of supporting, planning, conducting or concealing said offense; any and all assets, foreign and domestic, derived from, involved in, or used or intended to be used to commit said offense, including but not limited to a sum of money in United States currency representing the total amount of the defendant's assets.

**FORFEITURE ALLEGATION**
**(As to Count Two)**

17. As a result of committing the offense alleged in Count Two of this Indictment, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of said offense.

**FORFEITURE ALLEGATION**
**(As to Counts Three through Five)**

18. As a result of committing the offenses alleged in Counts Three through Five of this Indictment, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of

money in United States currency representing the amount of property involved in said offenses.

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON
10/24/19

_____
GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AHMED OMAIS SERHAN,
a/k/a "Pache," a/k/a "Pacheco Nasser,"
a/k/a "El Tigre," and
HANI LAKKIS LAKKIS,

Defendants.

**INDICTMENT**

19 Cr. ___

(21 U.S.C. §§ 960a; and
18 U.S.C. §§ 924, 1956, 3238, and 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

_____  Foreperson.

10/24/19

10/24/19 Filed Indictment. Case assigned to Judge Castel
U.S.M.J. Debra Freeman