```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
     - v. -                              :    PROTECTIVE ORDER
                                         :
AHMED OMAIS SERHAN,                      :    19 Cr. 764 (PKC)
     a/k/a "Pache,"                      :
     a/k/a "Pacheco Nasser,"             :
     a/k/a "El Tigre," and               :
HANI LAKKIS LAKKIS,                      :
                                         :
                    Defendants.          :
- - - - - - - - - - - - - - - - - - - - X
```

P. KEVIN CASTEL, District Judge:

1. WHEREAS, AHMED OMAIS SERHAN, a/k/a "Pache," a/k/a "Pacheco Nasser," a/k/a "El Tigre," and HANI LAKKIS LAKKIS, (the "Defendants") have certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pre-trial discovery;

2. WHEREAS, the Government recognizes its obligation to provide such discovery materials to the Defendants, consistent with safety considerations and the confidentiality of ongoing investigations;

3. WHEREAS, certain of the discovery materials that the Government intends to provide to the Defendants contain certain materials that, if disseminated to third parties, could, among other things, implicate the safety of others and impede ongoing investigations;

4. IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d) and subject to the additional limitations set forth below, that discovery materials designated sensitive by the Government (the "Sensitive Discovery") to counsel for the Defendants ("Defense Counsel") shall not be further disseminated by the Defendants or Defense Counsel to any individuals, organizations, or other entities, other than members of the Defendants' respective defense teams (limited to: co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff, and the Defendants);

5. IT IS FURTHER ORDERED that the Sensitive Discovery may not be provided to any foreign persons or entities (even if such persons or entities are members of a defense team) and may not be transmitted outside of the United States for any purpose;

6. IT IS FURTHER ORDERED that each of the individuals to whom disclosure of the Sensitive Discovery is made shall be provided a copy of this Protective Order by Defense Counsel and will be advised by Defense Counsel that he or she shall not further disseminate or discuss the materials and must follow the terms of this Protective Order;

7. IT IS FURTHER ORDERED that Defense Counsel may seek authorization of the Court, with notice to the Government, to show

(but not provide copies of) certain specified Sensitive Discovery to persons whose access to discovery materials is otherwise prohibited by the preceding paragraphs, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case;

8. IT IS FURTHER ORDERED that all Sensitive Discovery materials are to be provided to the Defendants, and used by Defense Counsel, solely for the purpose of allowing the Defendants to prepare their defenses to the charges in Indictment 19 Cr. 764 (PKC), and that none of the discovery materials produced by the Government to the Defendants shall be disseminated to any other third party in a manner that is inconsistent with the preceding paragraphs;

9. IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government;

10. IT IS FURTHER ORDERED that, at the conclusion of this case, Defense Counsel shall return to the Government all copies of the Classified Discovery materials provided in this case;

3

11. IT IS FURTHER ORDERED that nothing in this Protective Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding; and

12. IT IS FURTHER ORDERED that nothing in this Protective Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material.

Dated:  July 29       , 2021
        New York, New York

_____
P. Kevin Castel
United States District Judge

4