# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 19, 2023

George R. Goltzer, Esq.
Law Office of George R. Goltzer
152 West 57th Street 8th Floor
New York, NY 10009

Mark J. Stein
Simpson Thacher & Bartlett LLP (NY)
425 Lexington Avenue
New York, NY 10017

Re: *United States v. Ahmed Omais Serhan*, 19 Cr. 764 (PKC)

Dear Mr. Goltzer and Mr. Stein:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Ahmed Omais Serhan ("the defendant") to Counts One, Three, and Four of the above-referenced Indictment.

Count One charges the defendant with conspiring to commit narcoterrorism, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute five kilograms and more of cocaine, knowing and intending to provide something of pecuniary value to the National Liberation Army, in violation of Title 21, United States Code, Sections 960a and 841(b)(1)(A). Under the terms of this Agreement, however, the Government will accept a guilty plea to the lesser included offense of conspiring to commit narcoterrorism, to wit, the manufacture, distribution, and possession with intent to manufacture and distribute 500 grams and more of cocaine, knowing and intending to provide something of pecuniary value to the National Liberation Army, in violation of Title 21, United States Code, Sections 960a and 841(b)(1)(B). This offense carries a maximum term of imprisonment of life; a mandatory minimum term of imprisonment of 10 years; a maximum term of supervised release of life; a mandatory minimum term of five years of supervised release; a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

Count Three charges the defendant with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and carries a maximum term of 20 years' imprisonment; a maximum term of supervised release of three years; a maximum fine of the greater of $500,000 or twice the value of the property involved in the transaction; and a $100 mandatory special assessment.

2023.02.10

Count Four charges the defendant with money laundering, in violation of Title 18, United States Code, Sections 1956(a)(3)(A) and (a)(3)(B), and carries a maximum term of 20 years' imprisonment; a maximum term of supervised release of three years; a maximum fine of the greater of $500,000 or twice the value of the property involved in the transaction; and a $100 mandatory special assessment.

The total maximum term of imprisonment on Counts One, Three, and Four is life imprisonment, with a mandatory minimum term of 10 years.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (i) conspiring to engage in narcoterrorism in connection with the National Liberation Army from in or about 2018 up to and including in or about October 2019, as charged in Count One of the Indictment; (ii) conspiring to commit money laundering from in or about 2017 up to and including in or about 2019, as charged in Count Three of the Indictment; and (iii) committing money laundering from on or about August 29, 2018 up to and including on or about September 14, 2018, as charged in Count Four of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegations with respect to Counts One, Three, and Four of the Indictment and agrees to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and 982(a)(1), a sum of money equal to $265,971 in United States currency, representing property, real and personal, involved in said offenses, or property traceable to such property (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The November 1, 2021 Guidelines manual applies in this case.

<u>Count One</u>

2023.02.10

2. The Guideline applicable to the narcoterrorism offense charged in Count One of the Indictment is U.S.S.G. § 2D1.14. Pursuant to U.S.S.G. § 2D1.14, the offense level from U.S.S.G. § 2D1.1 applicable to the underlying offense forms the base offense level.

3. Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(1), because the underlying offense involved 450 kilograms or more of cocaine, the base offense level is 38.

4. Pursuant to U.S.S.G. § 3A1.4, because the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, the offense level is increased by 12 levels.

5. Accordingly, the total offense level applicable to Count One is 50.

Counts Three and Four

6. The Guideline applicable to the money laundering offenses charged in Counts Three and Four of the Indictment is U.S.S.G. § 2S1.1.

7. Pursuant to U.S.S.G. § 3D1.2(d), Counts Three and Four are grouped together into a single Group (the "Group"). Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three.

8. Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level is eight, plus the number of offense levels from the table in § 2B1.1 corresponding to the value of the laundered funds.

9. Pursuant to U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(I), 16 levels are added because the value of the laundered funds was more than $1,500,000 but less than $3,500,000.

10. Pursuant to U.S.S.G. § 2S1.1(b)(1), six levels are added because the defendant knew or believed that the laundered funds were proceeds of, or intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance.

11. Pursuant to U.S.S.G. §2S1.1(b)(2)(C), four levels are added because subsection (a)(2) applies and the defendant was in the business of laundering funds.

12. Pursuant to U.S.S.G. § 3B1.1(a), because the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the offense level is increased by 4 levels.

13. Accordingly, the total offense level applicable to the Group consisting of Counts Three and Four is 38.

Combined Offense Level

14. Count One and the Group are not grouped together, and each constitutes a separate Group. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level is counted as

2023.02.10

one Unit. The highest offense level is 50 for Count One. Accordingly, Count One is counted as one Unit.

15. Pursuant to U.S.S.G. § 3D1.4(a), because the Group is nine or more levels less serious than Count One, the Group does not increase the applicable offense level.

16. Accordingly, the total combined offense level is 50.

17. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 47.

### B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has no criminal history points. However, pursuant to U.S.S.G. § 3A1.4(b), the defendant's Criminal History Category is VI.

### C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is life imprisonment (the "Stipulated Guidelines Sentence"), with a mandatory minimum term of 120 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 47, the applicable fine range is $50,000 to $500,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence different than the Stipulated Guidelines Sentence based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any

2023.02.10

arguments regarding where within the Stipulated Guidelines Sentence (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence at or below the Stipulated Guidelines Sentence of life imprisonment and (ii) that the Government will not appeal any sentence at the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge

of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $500,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. The defendant also agrees not to appeal or bring a collateral challenge of any forfeiture amount that is less than or equal to $265,971, and the Government agrees not appeal any forfeiture amount that is greater than or equal to $265,971. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $300. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

2023.02.10

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

[INTENTIONALLY LEFT BLANK]

2023.02.10

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Gillian S. Grossman / Elinor L. Tarlow
Assistant United States Attorneys
(212) 637- 2188/-1036

APPROVED:

_____
George D. Turner
Co-Chief, National Security and
International Narcotics Unit

AGREED AND CONSENTED TO:

_____
AHMED OMAIS SERHAN

5/17/23
DATE

APPROVED:
_____
GEORGE GOLTZER / MARK STEIN
Attorneys for Ahmed Omais Serhan

5/17/23
DATE

2023.02.10